```
                    FILED
          CLERK, U.S. DISTRICT COURT
                  2/18/26
         CENTRAL DISTRICT OF CALIFORNIA
         BY:      MRV         DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>ALEXANDER SOOFER,<br><br>          Defendant. | CR 2:26-cr-00077-MWF<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

[18 U.S.C. §§ 1343, 2]

A.   INTRODUCTORY ALLEGATIONS

   1.   At times relevant to this Indictment:

        a.   Defendant ALEXANDER SOOFER was a resident of Los Angeles, California, within the Central District of California.

        b.   Defendant SOOFER ran an organization that purported to provide services to people experiencing homelessness or at risk of experiencing homelessness, through business entities including Abundant Blessings from Above, Inc. and Abundant Blessings, Inc. (collectively, "Abundant Blessings").

   c. Through Abundant Blessings, defendant SOOFER obtained funding from the City of Los Angeles (the "City"), the County of Los Angeles (the "County"), and the United States Department of Housing and Urban Development ("HUD"), through contracts administered by the Los Angeles Homeless Services Authority ("LAHSA"), to provide services to participants in homeless housing programs.

   d. LAHSA was a joint powers authority of the City and the County, created in 1993 to address the problem of homelessness in Los Angeles County, and LAHSA obtained its funding from a variety of sources including the City, the County, and HUD.

   e. DocuSign, Inc. ("DocuSign") was an electronic signature technology company that offered customers software products that customers could use to execute agreements electronically and to store those agreements electronically. In the course of executing an agreement using DocuSign software, a customer would receive an email (sent to an email account the customer had registered with DocuSign) with a link to the agreement, which the customer could then review and execute electronically. DocuSign software also allowed customers to access and execute agreements through an online platform. DocuSign maintained its servers outside of California, and thus any time a document was transferred from one person to another using DocuSign's software, the document would be transmitted by means of wire communication to servers outside of California.

B. <u>THE SCHEME TO DEFRAUD</u>

  2. Beginning no later than in or around April 2023, and continuing until at least in or around August 2024, in Los Angeles County, within the Central District of California, and elsewhere, defendant SOOFER, together with others known and unknown to the Grand

1  Jury, each aiding and abetting one another, knowingly and with intent
2  to defraud, devised, intended to devise, and participated in a scheme
3  to defraud the City, the County, HUD, and LAHSA as to material
4  matters, and to obtain money and property from the City, the County,
5  HUD, and LAHSA by means of material false and fraudulent pretenses,
6  representations, and promises.
7       3.   The fraudulent scheme operated and was carried out, in
8  substance, as follows:
9       a.   Defendant SOOFER entered into contracts with LAHSA on
10 behalf of Abundant Blessings to provide homeless housing services at
11 various sites in Los Angeles County.
12      b.   In executing these contracts, defendant SOOFER made
13 false representations concerning how funding obtained from these
14 contracts would be spent, including false representations that the
15 money he obtained from LAHSA would be used exclusively for homeless
16 housing services, when, in fact, he instead intended to and did use
17 this money for his own personal expenses and to fund unrelated
18 businesses.
19      c.   Defendant SOOFER also lied about payments supposedly
20 being made to third party vendors for homeless housing services,
21 taking steps to make it appear he was making millions of dollars in
22 payments to vendors for services supposedly provided to participants
23 at homeless housing sites or payments related to such services, when,
24 in fact, defendant SOOFER was instead diverting these payments to his
25 own bank accounts and misappropriating the money for himself.
26      d.   Defendant SOOFER further lied about rent payments
27 being made for properties being used for homeless housing, making it
28 falsely appear that he was leasing these properties from third-party

3

landlords at a market rate, when, in fact, defendant SOOFER was instead paying himself an above-market-rate rent for these properties and misappropriating money that could have been used to help alleviate the homeless housing crisis.

   e. To cover up the fraud, defendant SOOFER fabricated fake and misleading invoices -- at times stealing the names, addresses, and logos of real companies -- to make it appear that the vendor and rent payments were legitimate.

   f. Defendant SOOFER also falsely represented in contracts with LAHSA that he would provide homeless housing participants with three meals a day, which the contracts defined as meals that were healthy, balanced, and met participants' nutritional needs, but instead of serving the required meals at some of his sites, defendant SOOFER instead provided limited food items such as Ramen noodles, canned beans, and breakfast bars.

   g. Defendant SOOFER additionally lied about individuals supposedly serving on the board of Abundant Blessings, falsely representing certain individuals were board members, when these individuals either did not exist or had never heard of Abundant Blessings.

  4. Between in or around January 2019 and in or around July 2025, defendant SOOFER caused the City, the County, HUD, and LAHSA to disburse more than $23 million into bank accounts controlled by defendant SOOFER, where the money was supposed to be used exclusively for homeless housing services, but instead of using the money for its intended purposes, defendant SOOFER misappropriated a significant portion, at least $8 million, for his own personal enrichment and for businesses unrelated to homeless housing.

C.  USE OF WIRES

5. On or about June 21, 2024, in Los Angeles County, within the Central District of California, and elsewhere, defendant SOOFER, for the purpose of executing the scheme to defraud described above, transmitted and caused the transmission of an interstate wire in connection with the execution of a contract, ID Number AD-ISP-AEPH-013-01, executed through the DocuSign platform, for defendant SOOFER to provide homeless housing services at a hotel and motel in the Los Angeles area, using approximately $250,800 in funding being administered by LAHSA.

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

6. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count One of this Indictment.

7. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

8. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

ROGER A. HSIEH
Assistant United States Attorney
Chief, Major Frauds Section

THOMAS F. RYBARCZYK
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section

KEVIN B. REIDY
Assistant United States Attorney
Deputy Chief, Major Frauds Section

KERRY L. QUINN
Assistant United States Attorney
Major Frauds Section