FILED
CLERK, U.S. DISTRICT COURT
9/21/2026
CENTRAL DISTRICT OF CALIFORNIA
BY: KMA DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ALEXANDER SOOFER,<br>Defendant. | CR No. 2:26-00077(A)-MWF<br>FIRST SUPERSEDING INFORMATION<br>[18 U.S.C. § 1957: Money Laundering; 18 U.S.C. § 982: Criminal Forfeiture] |

The United States of America charges:

[18 U.S.C. §§ 1957, 2(b)]

On or about January 16, 2024, in Los Angeles County, within the Central District of California, and elsewhere, defendant ALEXANDER SOOFER, knowing that the property involved represented the proceeds of some form of unlawful activity, knowingly engaged in and willfully caused others to engage in a monetary transaction of a value greater than $10,000, namely, a wire transfer in the approximate amount of $90,000 from an account at JPMorgan Chase ending in 6272, which property, in fact, was derived from specified unlawful activity, namely, Wire Fraud, in violation of Title 18, United States Code, Section 1343, as charged in the single-count Indictment.

FORFEITURE ALLEGATION

[18 U.S.C. § 982]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(1), in the event of the defendant’s conviction of the offense set forth in the single-count First Superseding Information.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) Any property, real or personal, involved in such offense, and any property traceable to such property; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 18, United States Code, Section 982(b)(2), the defendant, if so convicted, shall forfeit substitute property, if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty. Substitution of assets shall not be ordered, however, where the convicted defendant acted merely as an intermediary who handled but did not retain the property in the

course of the money laundering offense unless the defendant, in committing the offense or offenses giving rise to the forfeiture, conducted three or more separate transactions involving a total of $100,000.00 or more in any twelve-month period.


TODD BLANCHE
Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division

ROGER A. HSIEH
Assistant United States Attorney
Chief, Major Frauds Section

KERRY L. QUINN
Assistant United States Attorney
Major Frauds Section

JUAN M. RODRIGUEZ
Assistant United States Attorney
Acting Chief, Public Corruption & Civil
Rights Section